**J. M. MONTGOMERY and Mrs. J. M. Montgomery, Appellants,**

v.

**M. F. A. MUTUAL INSURANCE COMPANY, Appellee.**

No. 15845.

United States Court of Appeals Eighth Circuit.

Dec. 26, 1957.

Claude B. Brinton and Lowell D. Gibbons, Jonesboro, Ark. (McCourtney, Brinton, Gibbons & Segars and Bon McCourtney, Jonesboro, Ark., on the brief), for appellants.

G. D. Walker, Jonesboro, Ark. (Frierson, Walker & Snellgrove, Charles Frierson and Frank Snellgrove, Jr., Jonesboro, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This action was brought by appellants against appellee on a contract of insurance issued by appellee designated in the record as a combination automobile insurance policy. We shall refer to the parties as they were designated in the trial court. The policy contained provision for the payment, on conditions and limitations named in the policy, of unsatisfied judgments.

The unsatisfied judgment involved was obtained by plaintiffs in an action brought by them against one Robert A. Kay to recover property and personal injury damages suffered by them by reason of an automobile collision. The action against Kay was brought in the Circuit Court of Greene County, Arkansas. After recovery in the state court action execution issued and in due course was returned "nulla bona", no property found, whereupon plaintiffs brought the present action seeking to recover on their policy of insurance. In their complaint plaintiffs based their right to recover on coverage "G" of the policy which provides as follows:

"Unsatisfied Judgments. To pay the insured for unsatisfied judgments procured by such insured for damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by an insured, caused by accident and arising out of the ownership, maintenance, or use of an automobile by the judgment debtor."

As damages in their state court action they recovered for personal injuries, property damages, medical expense and loss of consortium, and in the present action they sought to recover the amount for which they secured judgment in the state court action, less a credit of one thousand dollars recovered in the state court action for loss of consortium. They also sought to recover statutory penalty for vexatious delay, besides attorney fees.

In its answer defendant pleaded that the policy contained provisions that:

"The term 'Unsatisfied Judgment' shall mean a final judgment rendered by a court of record and of competent jurisdiction within the United States of America, its territories or possessions, Canada or Newfoundland, and upon which judgment an execution has been issued and a return made showing no property of the judgment debtor on which to levy, and which judgment has not been released or satisfied in any manner. Such judgment must have been rendered by a court of record (1) after actual trial upon the merits of the case and contested in good faith by the judgment debtor, or (2) upon default of the judgment debtor, provided that the com-

pany was given at least twenty (20) days notice in writing prior to the rendition of said default judgment of the date, time, and place of the rendition of said judgment; and provided further that, prior to rendition of such default judgment, testimony of attending physician or physicians as to the nature and extent of the injuries suffered must have been presented and heard by the court, notice of which hearing shall be given the company as herein provided and at which hearing the company may appear by counsel and present, examine and cross-examine the witnesses.

\* \* \* \* \*

"This policy does not apply: \* \* \* (p) Under Coverage G, \* \* \* to any unsatisfied judgment which is rendered in an action in which loss of services or consortium is an element of the damages sought; \* \* \*.

\* \* \* \* \*

"If an insured shall institute any legal action for injury to or death of an insured against any person for the purpose of obtaining judgment which may be the basis of a claim under Coverage G, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately upon the filing thereof to the company."

It was then alleged that plaintiffs had failed to comply with these conditions and it was also pleaded that the so-called unsatisfied judgment was recovered in an action in which loss of services or consortium was an element of the damages sought. It was also denied that plaintiffs were entitled to recover for vexatious delay. It was affirmatively alleged that plaintiffs had not given notice of the date, time and place of rendering of default judgment, that plaintiffs had not offered testimony of attending physicians and that plaintiffs had failed to forward a copy of the summons and complaint to the company immediately upon filing suit.

By way of reply plaintiffs in effect alleged that defendant had actual knowledge of each and every step taken by plaintiffs in the action in which default judgment was taken; that it had knowledge more than twenty days before that default judgment would be taken; that it knew what the testimony of the attending physicians would be; that it was given an opportunity to become a party in the action; that no judgment was sought herein for loss of services or consortium, that copy of summons and complaint was forwarded to defendant or its attorneys upon filing suit, that "\* \* \* the agents of this insurance company knew of each step taken by these Plaintiffs in the prosecution of this cause of action; that they advised with the Plaintiffs and had knowledge of all the proceedings," and that the knowledge of the attorneys, agents and others connected with the defendant company was knowledge of the defendant.

The action was tried to the court without a jury. The court found all the issues in favor of the defendant and among other things specifically found that:

"VI.

"The Plaintiffs failed to comply with the condition of the policy requiring that copy of the summons and complaint in their suit against Kay be forwarded to the company immediately.

"VII.

"The plaintiffs failed to comply with the provisions of the policy requiring that prior to rendition of a default judgment for personal injuries upon default judgment, twenty days notice, in writing, be given to the company, and further that testimony of an attending physician as to nature and extent of the injuries suffered must have been presented and heard by the court."

It accordingly entered judgment dismissing the action on its merits.

It is not seriously contended by plaintiffs that they complied with the provisions of the policy covering the procedure to be followed in securing default judgment. It is argued, however, that defendant had knowledge of every step taken by plaintiffs in securing the default judgment and that there was either a substantial compliance with the provisions of the policy or that there resulted a waiver of such compliance.

■■ There is no claimed ambiguity in the provisions of the policy and confessedly the parties had the right to contract for such limitations or conditions of liability as might be agreed upon. As said by the Supreme Court of Arkansas in Sun Mut. Ins. Co. v. Dudley, 65 Ark. 240, 45 S.W. 539, 542:

"An insurance company has the right to judge and act for itself as to the conditions upon which it will insure against losses by fire or other causes. The owner of property is not bound to accept insurance upon any particular conditions, but, if he does, he cannot defend against a breach thereof upon the ground they are immaterial. Having entered into the contract of insurance as evidenced by its policy, the insurance company has the right to rely and insist upon all its terms and conditions, and take advantage of all forfeitures incurred by the breach of any of its conditions."

■ To entitle plaintiffs to recover on a default judgment under the provisions of the policy they were required (1) to forward a copy of the summons and complaint to the company immediately upon filing of suit, (2) to give the company at least twenty days notice in writing prior to rendition of the default judgment of the time, date and place of rendition of the judgment, (3) to present testimony of the attending physicians as to the nature and extent of injuries suffered and to give the company notice of such hearing, and (4) plaintiffs must not have sought damages for loss of services or consortium in the action resulting in the default judgment. Not

having complied with these requirements, the default judgment secured against Kay was not a default judgment as defined by paragraph IV(d) and hence, not within the coverage of paragraph "G" of the policy. The court specifically found for the defendant as to each of these requirements and these findings are abundantly sustained by the evidence, in fact, they are sustained by undisputed evidence.

It is, however, argued that as counsel for the defendant had knowledge of the procedure taken by the plaintiffs in securing their default judgment this was in the nature of a waiver of compliance. This contention is based largely on the fact that following the accident the defendant paid plaintiffs Three Hundred Twenty-five Dollars as damages to property resulting from the collision, and having made such payment it claimed to be subrogated to the rights of the plaintiffs to this extent against Kay. In seeking thus to protect itself it employed certain lawyers and it was with reference to this claim that the defendant's lawyers communicated with counsel for the plaintiffs. They were not generally employed by the defendant but were employed only on this matter of subrogation. They so testified. They also testified that they knew nothing with reference to the provisions of the policy providing for recovery for a default judgment. The court found the fact to be that:

"The firm of Frierson, Walker & Snellgrove, attorneys, represented defendant, M. F. A. Mutual Insurance Company, in connection with subrogation rights of that company on account of payments made to the plaintiffs under collision coverage of their insurance policy in the suit against Kay in Greene County Circuit Court. The said attorneys had no information concerning the unsatisfied judgment provision in the insurance policy and had no authority to waive any of the provisions of the said policy and their conduct did not amount to a waiver."

The findings of the court are presumptively correct and may not be set aside unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Under these circumstances, certainly these attorneys could not, on behalf of the defendant, waive compliance with the provisions of the insurance contract. McCombs v. McCombs, Ark., 295 S.W.2d 774; Bank of Batesville v. Maxey, 76 Ark. 472, 88 S.W. 968. In the first place neither they nor the insurance company knew that the plaintiffs would seek payment from defendant insurance company of this so-called default judgment, and in any event, coverage may not be extended beyond the coverage of the policy by waiver or estoppel. Standard Acc. Ins. Co. v. Roberts, 8 Cir., 132 F.2d 794; Hartford Fire Ins. Co. v. Smith, 200 Ark. 508, 139 S.W.2d 411; American Casualty Co. v. Harrison, D.C. Ark., 96 F.Supp. 537; Kinard v. Mutual Benefit Health & Accident Ass'n, D.C. Ark., 108 F.Supp. 780.

As these considerations require an affirmance of the judgment we pretermit discussion of further contentions of counsel. The judgment appealed from is therefore affirmed.

A true copy.