Helen R. BOUGHTON, Plaintiff in Error,

v.

FARMERS INSURANCE EXCHANGE, Defendant in Error.

No. 38579.

Supreme Court of Oklahoma.

June 28, 1960.

Rehearing Denied Aug. 9, 1960.

Application for Leave to File Second Petition for Rehearing Denied Sept. 13, 1960.

Cheek, Cheek & Cheek, Oklahoma City, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendant in error.

IRWIN, Justice.

Farmers Insurance Exchange, defendant in error, issued to Helen R. Boughton, plaintiff in error, an insurance policy insuring her for liabilities arising out of the use of an automobile. Attached to the policy and made a part thereof by endorsement was a form designated as "Family Protection Against Uninsured Motorists", which inter alia, provided:

"Insuring Agreement. To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured caused by accident while this endorsement is in effect and arising out of the ownership, maintenance or use of such automobile; provided that for the purpose of this endorsement determination as to whether the insured shall be legally entitled to recover such damages and if so entitled the amount thereof shall be made by agreement between the insured and the Exchange or, in the event of disagreement by arbitration."

It further provides under Conditions:

4. "Action against the Exchange: No action shall lie against the Exchange unless, as a condition precedent thereto, there shall have been full compliance with all terms of this endorsement."

5. "Arbitration: In the event the insured and the Exchange do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile under this endorsement or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The insured and the Exchange each agree to consider itself bound and to be bound by any award made by the arbitrator pursuant to this endorsement."

Under Exclusions the policy provides:

"This insurance does not apply

"2. To bodily injury of an insured with respect to which such insured or his representative shall, without the written consent of the Exchange, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor."

While the above described policy and endorsement were in force and effect, Helen R. Boughton, insured, was involved in an accident with an uninsured motorist, resulting in personal injuries and damages. She instituted an action and obtained a judgment against the uninsured motorist and demand was made upon Farmers Insurance Exchange to pay her according to the provisions of the policy. Exchange denied liability and refused to pay anything.

Helen R. Boughton commenced this action against Farmers Insurance Exchange for damages sustained by her as a result of the accident with the uninsured motorist.

Plaintiff alleged the provisions of the policy, the accident with, the action and the judgment against the uninsured motorist; that the uninsured motorist is insolvent; that she notified Farmers Insurance Exchange of the accident and of the injuries she sustained and attached to the letter of notification a copy of the petition and summons which were to be filed in the action against the uninsured motorist; that Exchange was afforded an opportunity to participate in the prosecution or defense or trial of said action, which it wholly failed and refused to do.

Attached to and made a part of the petition were the insurance policy and endorsement, the pleadings and judgment in the action against the uninsured motorist and the correspondence between the plaintiff and Exchange. The exhibits disclose that several attempts to reach an agreement and negotiate a settlement under the terms of the policy were made and Exchange requested that the matter be submitted to arbitration which was rejected by the insured; that plaintiff did submit herself for an examination by a doctor selected by Exchange; that Exchange was advised by plaintiff that the action against the uninsured motorist had been instituted for determination of the legal liability and the amount of damages and that it would be liable under the policy to pay such damages; that Exchange refused to participate in that action; the action against the uninsured motorist was commenced and reduced to judgment without the approval or consent of Exchange; that plaintiff was advised by Exchange if she settled or reduced to judgment her action pending against the uninsured motorist, that she would be violating the terms of the policy and would not be entitled to any sum of money under the provisions of the policy; that Exchange also advised her that it would refuse to pay any money, either by settlement or arbitration, if she settled or reduced to judgment her lawsuit against the uninsured motorist.

The trial court sustained defendant's (Exchange) demurrer to the petition of plaintiff, finding that the arbitration agreement was void and unenforceable; that the judgment obtained by her against the uninsured motorist was not binding upon Exchange for the reason it was not a party to that action; that Exchange is not estopped to retry or relitigate the question of liability of the uninsured motorist or the amount of damages suffered by plaintiff.

The plaintiff refused to further plead and the trial court dismissed the action and plaintiff perfected this appeal.

## Contentions

Helen R. Boughton, plaintiff in error, contends the trial court erred in sustaining the demurrer to the petition; that Farmers Insurance Exchange is liable under the policy "to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile;" that the judgment rendered against the uninsured motorist determined she is legally entitled to recover damages and the amount thereof; that the arbitration provision is unenforceable and the "no action" clause void.

Farmers Insurance Exchange contends the trial court correctly sustained the demurrer to the petition; that the judgment against the uninsured motorist is not binding on it as it was not a party in that action and the question of liability of the uninsured motorist and the amount of damages suffered by plaintiff must be retried or relitigated in an action against Exchange; that the arbitration provision is valid and not prohibited by public policy or statute, and no action can lie against Exchange unless there has been full compliance with the terms and conditions of the insurance policy; that if the arbitration provision is unenforceable and the "no action" clause void, all parts of the insuring agreement dealing with uninsured motorist coverage is void.

## Conclusions

Plaintiff's action against Exchange is based on the terms of the insurance policy. Both the insured's (plaintiff) and insurer's (Exchange) rights and obligations must be determined by the provisions of the policy and the laws applicable thereto.

The policy provides Exchange is to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. The arbitration provision provides that in the event the insured and Exchange do not agree that insured is entitled to recover damages or agree as to the amount thereof, the matter or matters not agreed upon, shall be submitted to arbitration. The parties could not agree as to the legal liability of the uninsured motorist or to the amount of damages insured was legally entitled to recover and plaintiff refused to

submit to arbitration, although requested to do so by Exchange.

In effect, the arbitration provision prohibited the insured from having a judicial examination and determination of the legal liability of the uninsured motorist and the amount of damages she was entitled to recover. The damages, as qualified by the arbitration provision, were not the damages she was legally entitled to recover, as set forth in the insuring agreement, but the amount of damages agreed upon or determined by arbitration. The arbitration provision substituted for the laws and courts of Oklahoma, the rules and forum of the American Arbitration Association for determination of the legal liability of the uninsured motorist and the amount of damages, if any, insured was legally entitled to recover.

■■■ Oklahoma has no statute on arbitration and has only the common law to govern. Kuhara Trading Co. v. Russell Jobbers Mills, 103 Okl. 298, 230 P. 242. In Wilson v. Gregg, 208 Okl. 291, 255 P.2d 517, this Court discussed in detail agreements or stipulations to arbitrate all questions as to future controversies. In determining that such agreements or stipulations were not enforceable, we held:

"Stipulations to arbitrate all questions as to future controversies are not enforceable for the reason that such stipulations deprive the courts of jurisdiction and are contrary to public policy."

\* \*. \* \* \* \*

"A contract to submit all future controversies to arbitration being unenforceable it is immaterial what reason is given by a party thereto for refusing to participate in an arbitration as long as he makes known to the other party that he will not arbitrate and does not participate therein."

■■■ In the instant case the insured made known to the insurer that she would not submit the issues to arbitration and she in no way participated in any arbitration proceedings. The arbitration provision provided a means whereby the insured and insurer would settle all future controversies as no controversies existed when the policy of insurance was issued. The arbitration provision deprived the insured of a judicial examination and determination of the issues involved and under the authority of Wilson v. Gregg, supra, we hold such provision is contrary to public policy and unenforceable and the trial court did not err in so holding.

■■■ Since the arbitration provision was unenforceable, what effect if any, did the "no action" provision have upon the rights and obligations of the insured and insurer. In this connection, Exchange, the insurer, contends no action can lie against it unless there has been full compliance with the terms of the policy, and since insured refused to submit to arbitration she did not comply with the terms.

Title 15 O.S.1951 § 216 provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing. his rights under the contract by the usual legal proceedings in the ordinary tribunals, \* \* \*. is void."

In as much as the insured agreed to pay all sums insured shall be legally entitled to recover from an uninsured motorist and the "no action" provision would restrict insured from enforcing these rights, we hold such provision to be void.

We cannot sustain Exchange's contention that if the arbitration provision is unenforceable or the "no action" clause is void, all parts of the insuring agreement dealing with uninsured motorists' coverage are void. The insured paid consideration for the insurance whereby she was protected against uninsured motorists. The primary and essential part. of the contract was insurance coverage, not the procedure for determining liability. Exchange prepared the policy and is charged with knowledge that stipulations to arbitrate future controversies are unenforceable and contracts restricting a party thereto from enforcing his rights by the usual legal pro-

ceedings in the ordinary tribunals are void. If insurer imposed provisions in the policy which were unenforceable and void it cannot deny liability under the insuring agreement because of the unenforceable and void provisions. Such provisions cannot invalidate or hold for naught a liability which the insurer agreed by contract to assume. A contrary rule would, in effect, be giving legal force to provisions which are unenforceable and void. We therefore hold the insuring agreement dealing with uninsured motorists' coverage is not void.

■ Having determined the arbitration provision to be unenforceable and the 'no action' clause void, we must now determine if Exchange can relitigate the question of liability of the uninsured motorist and the amount of damages sustained by plaintiff. In this connection, plaintiff contends these issues can not be relitigated as the judgment against the uninsured motorist determined these issues. On the other hand, Exchange contends that even though such judgment determined the liability of the uninsured motorist and established the damages insured was entitled to recover from the uninsured motorist, such judgment is not binding on it as it was not a party to that action and such issues must be relitigated to determine Exchange's liability.

Exchange was not a party to the action against the uninsured motorist and it is apparent the judgment rendered therein is not binding upon Exchange in a sense that is a judgment against Exchange. However, this action is not for the collection of that judgment, but an action to recover under the terms of the policy which provides the insurer agrees "to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile."

Exchange became liable under the terms of the policy to pay all sums which the insured shall be legally entitled to recover; Exchange had notice of the pendency of that action and knowledge that that action

was instituted for the determination of the legal liability of the uninsured motorist and the amount of damages insured was legally entitled to recover; it was furnished with a copy of the petition and a copy of the summons; it was urged to participate, either in the prosecution or defense of that action, and to do whatever it felt necessary; it was notified that it would be liable under the terms of the policy for such adjudication.

Instead of protecting its rights in that action, Exchange chose to rely on the arbitration provision and the "no action" clause in the policy. We held the arbitration provision to be unenforceable and the "no action" clause to be void. Therefore, should Exchange be permitted to retry and relitigate the question of damages and liability of the uninsured motorist when it agreed to pay all sums insured shall be legally entitled to recover, where such questions were litigated and determined in a previous action which Exchange had notice of and an opportunity to defend?

· This Court has not had the privilege of considering this exact proposition before. However, we feel that United States Fidelity and Guaranty Co. v. Dawson Produce Co., 180 Okl. 119, 68 P.2d 105, although not directly in point, does shed judicial light on the issue involved. That action involved an employer's liability insurance policy and we held:

"One who is required either by law or contract to protect another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings; * * *."

■ Exchange agreed to pay all sums plaintiff was legally entitled to recover as damages. The judgment against the uninsured motorist determined that plaintiff was entitled to recover from an uninsured motorist and established the amount she was entitled to recover. Exchange cannot now say, under the facts in this case, that it is entitled to relitigate these issues when it

agreed to pay that which has already been determined. We therefore conclude the question of damages and legal liability of the uninsured motorist may not be relitigated in the present action and that the judgment against the uninsured motorist is conclusive of the issues therein determined, subject, however, to any defenses Exchange might have against it. The judgment being properly pleaded, we hold the trial court erred in sustaining a demurrer to the petition of the plaintiff.

In view of the conclusions heretofore reached, the cause is reversed and remanded with directions to the trial court to vacate the order sustaining the demurrer and dismissing the cause of action, reinstate the cause, and take such other action as may be necessary, not inconsistent with the views herein expressed.

Reversed and remanded.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and BERRY, JJ., concur.