17729

William L. CHILDS, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant

(117 S. E. (2d) 867)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*J. Perrin Anderson, Esq.,* of Greenwood, *for Respondent.*

January 3, 1961.

STUKES, Chief Justice.

This is an appeal from a judgment obtained by reason of appellant's liability under its policy of automobile insurance, issued to respondent, Sec. II of which is entitled, "Protection against bodily injury by uninsured automobiles." '

The specific provisions here involved follow:

"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

\* \* \*

"Exclusions—What This Section Does Not Cover

"This Section of the Policy does not apply:

\* \* \*

"2. to bodily injury of an insured with respect to which such insured or his representative shall, without the written consent of Allstate, make any settlement with, or prosecute to judgment any action against, any person or organization who may be legally liable therefor; or

\* \* \*

"Notice of Legal Action

"If, before Allstate makes payment of loss hereunder, the insured or his representative shall institute any legal action for bodily injury against any other person operating an automobile involved in the accident, a copy of the Summons and Complaint or other process served in connection with such legal action shall be forwarded immediately to Allstate.

\* \* \*

"Determination of Legal Liability and Amount of Damages.

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of either, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this section II. \* \* \*"

Respondent was in collision with one Cunningham. Upon report of the accident appellant investigated it and determined that it resulted from the fault of its insured, the respondent, and it settled with Cunningham his claim against

the insured for damage to his automobile by paying him the amount thereof, apparently without prior notice to respondent.

Upon appellant's refusal of respondent's claim for damages for personal injuries which he received in the collision, respondent brought action against Cunningham and recovered judgment by default in the sum of $1,500.00. It is for that amount and costs that the instant action was brought.

Meanwhile there had been correspondence between respondent's attorney and the Claims Manager of appellant. Under date of June 2, 1959, the latter wrote respondent's attorney in part as follows: "With respect to the questions raised in the second paragraph of your letter of May 28, we have been advised by the Cunninghams that there is no liability insurance on their car. On the other hand, our investigation of the accident indicated that Mr. Childs was responsible for this accident, and hence, could not have any claim under the uninsured motorist coverage. As a result of our investigation of the accident, and our determination of the liability as resting on our insured, we have settled the property damage claim of the Cunninghams." On September 21 following, the attorney wrote the Claims Manager that action had been instituted in behalf of respondent (against Cunningham) for damages for personal injuries and enclosed copies of the suit papers, which he advised was in accordance with the terms of the policy. The Claims Manager replied under date of October 9 as follows: "This is to advise you that this suit was instituted without the written consent of Allstate Insurance Company as provided under Paragraph 2 on Page seven of the Allstate Crusader Policy, said paragraph being listed under the Section entitled 'Exclusions— What this section does not cover (2.) To bodily injury on insured with respect to which such insured or his representative shall, without the written consent of Allstate, make any settlement with or prosecute to judgment any action against, any person or organization who may be legally liable therefor;' * * * I call attention to the fact that

a prosecution to judgment in this action against Mr. Cunningham would relieve Allstate of any obligations under the bodily injury benefit insurance protection of Mr. Childs' policy."

Afterward, on December 14, the Claims Manager made written refusal of respondent's claim, as follows: "Since you have prosecuted Mr. Child's action to judgment against Mr. Cunningham, there is no liability on the part of Allstate Insurance Company under Mr. Child's uninsured motorist coverage.

"As pointed out to you in my letter of October 9th, Allstate did not consent to the entering of this suit and the taking of his judgment, and, consequently, you have been in violation of the exclusion of the uninsured motorist coverage of Mr. Child's policy.

"Under the circumstances, Mr. Childs has violated his policies and brought himself under the exclusions set forth therein. We therefore decline to make any payment on this claim."

Appellant moved successively for nonsuit, directed verdict, that respondent had not complied with the policy provision for arbitration and pleaded the "exclusion", above quoted, forbidding action by respondent without written consent of appellant.

Appellant moved successively for nonsuit, directed verdict judgment *n. o. v.,* and new trial upon the grounds set up in its answer, that respondent had made no demand for arbitration and had brought action against Cunningham without the consent of appellant. The trial motions were denied and the case was submitted to the jury which returned verdict for respondent. Appellant's post-verdict motions were also denied. The appeal is from judgment entered upon the verdict.

The first ground is that arbitration under the terms of the policy was a condition precedent to action thereupon.

The purported agreement for arbitration is unenforceable under the decisions of this court. *Jones v. Enoree Power Co.,* 92 S. C. 263, 75 S. E. 452; *Harwell v. Home Mut. Fire Ins. Co.,* 228 S. C. 594, 91 S. E. (2d) 273. *Cf. Hines v. Farr,* 235 S. C. 436, 111 S. E. (2d) 33. Such an agreement is upheld when it provides for arbitration of the amount of the loss but that at hand undertakes to require arbitration of the question of liability and is, therefore, not binding upon the parties. *Ibid.* The rules enunciated in the foregoing decisions are stated in 29A Am. Jur. 699, Insurance, sec. 1611, as follows:

"In accordance with general principles applicable to all contracts, it is the rule that a provision in an insurance policy that all disputes arising under the policy shall be submitted to arbitrators, or a provision similar in substance and effect, is not binding. On the other hand, the view prevailing in nearly all jurisdictions is that a stipulation not ousting the jurisdiction of the courts, but leaving the general question of liability for a loss to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is valid."

Uninsured automobile coverage is referred to as a recent innovation in supplemental section 4104.5 of Volume 6, part 2, Perm. Ed. of Blashfield's Automobile Law and Practice. It is also briefly treated in supplemental section 4331 of Volume 7 of Appleman, Insurance Law and Practice, and likewise in supplemental section 82.5 to 5A Am. Jur., Automobile Insurance.

Appellant cites several New York lower court decisions (*e. g., Chernick v. Hartford Accident & Indemnity Co.,* 8 A. D. (2d) 264, 187 N. Y. S. (2d) 534) in which arbitration agreements in automobile insurance policies have been upheld; but such is done under the Civil Practice Act of that State, of which we have no counterpart; Secs. 10-1901 *et seq.* of our Code of 1952 fall short of it. See *Jones v. Enoree Power Co., supra.* It embraces the New York Arbitration

Law of 1920. All of this is made plain in the opinion by Chief Judge Conway of the Court of Appeals in *American Reserve Ins. Co. v. China Ins. Co.,* 1948, 297 N. Y. 322, 79 N. E. (2d) 425, 426, which was an action for balance of premiums on reinsurance and attachment of local bank deposit of the foreign defendant. It pleaded an arbitration clause of the contract. The court held that defendant's only remedy was an action for stay. It was said: "Before the adoption of the Arbitration Law in 1920, a party might disregard his agreement to arbitrate all disputes under a contract, for such agreements were held to be attempts to 'oust a court of law or equity of jurisdiction', and there was no effective means of enforcing them.  *  *  *  It was only through actions by the Legislature that these difficulties were removed." Sec. 5 of the Arbitration Law, now Sec. 1451 of the Civil Practice Act, provides for stay of action brought in violation of an arbitration agreement, which is the exclusive remedy. Quoting again from the opinion: "The Legislature has provided a means of enforcing that which was previously unenforceable; the defendant in such an action must use those means or none at all. This court has indicated—and lower courts have held—that it is not even proper for the defendant in such an action to plead the arbitration agreement as a defense or counterclaim." (Citing cases.)

Distinction under the New York Law between appraisal and arbitration (provision for the former being generally enforceable under our decisions, the latter not) was made in In the Matter of Delmar Box Co. (Aetna Ins. Co.), 1955, 309 N. Y. 60, 127 N. E. (2d) 808, 810, where the question was whether the insured under a fire insurance policy could compel the insurer to comply with the appraisal provision of the policy. The court said: "A number of basic distinctions have long prevailed between an appraisement under the standard fire policy and a statutory arbitration. An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the

arbitration award, Civ. Prac. Act, § 1464, while the agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action."

The first ground of appeal is without merit.

The second is that respondent is barred of recovery because he brought action against Cunningham without appellant's permission, in violation of a provision of the policy which is quoted above.

Having determined independently and for itself without arbitral or other apparent aid, that respondent was at fault and legally responsible for the collision with the uninsured driver (whose property damage claim it paid) and having on that account denied liability to respondent under the uninsured motorist provision of the policy, appellant is simply not in position to invoke this provision of the policy. We are not called upon in this case to consider its efficacy and validity under other circumstances. We deal here only with the facts which have been stated, particularly in the quoted correspondence.

In point is the fire insurance case of *Batson v. South Carolina Mut. Ins. Co.*, 78 S. C. 309, 58 S. E. 936. There the policy provided:

"It is mutually agreed that no suit or action against this company for the collection of any claims against it shall be sustainable in any court of law until after an award shall have been obtained, fixing the amount of such claim in the manner provided, and not until after an assessment has been made against the policies then liable for their pro rata share due on each policy according to the sum fixed by said award; and in all cases the burden of proof shall be upon the assured to prove affirmatively as a part of his case in chief that the award has been obtained or duly waived by the company after the assured had made tender of such arbitration in writing, which writing shall be the only competent evidence of

such tender; and provided further, that the assured shall assume the burden of proof and prove affirmatively that such assessment has been made by the company, or that the assured has taken such legal steps as may have been necessary to compel such assessment in case the company shall have refused to make the same. The amount received from said assessment shall fix the liability of the company for said loss."

The defendant insurer denied all liability on the policy and the question was whether the action could be maintained without compliance with the foregoing provision. It was held and said: "This question has been recently considered in *Thompson v. Piedmont Mutual Ins. Co.,* 77 S. C. 486, 58 S. E. 341, and the conclusion reached was that when an insurance company denies all liability and refuses to make an assessment, an action at law is maintainable to recover the amount of damages which the insured would be entitled to recover if the company had performed its part of the contract."

In appellant's brief the third and final question is stated as follows: "Did the trial judge err in submitting certain charges relating, among other things, to waiver and estoppel, the reasonableness of an arbitration clause in an insurance policy to the jury and his refusal to charge certain requested charges of the defendant relating to arbitration and consent as defined by the terms of the policy?"

It is unnecessary to examine the instructions, and the denial of requested instructions, to the jury because appellant could not have been prejudiced by any such, however erroneous they may have been. This results from the consideration that under the undisputed facts respondent was entitled to the direction of verdict in his favor had proper and timely motion therefor been made, in the exact amount returned by the jury. Therefore no prejudice to appellant could have arisen from the instructions or from the failure to instruct.

In another view, the same result is reached. The case may fairly be said to come within the rule of *Mitchell v. Leech,* 69 S. C. 413, 48 S. E. 290, 293, 66 L. R. A. 723, 104 Am. St. Rep. 811, there stated by the court as follows: "The presiding judge should have construed the instruments of writing introduced in evidence, and in the manner just stated, but his failure to do so was not prejudicial to the appellants, for his charge gave the jury the opportunity of finding against the plaintiff upon a question of fact that should not have been submitted to them." Likewise, here, submission of issues to the jury may have resulted in verdict for appellant, to which it was not entitled. It cannot complain.

Affirmed.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.