**E. T. WORTMAN, as Father and Next Friend of John Wortman, a Minor, Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant.**

No. LR 63 C 60.

United States District Court E. D. Arkansas, W. D.

Oct. 3, 1963.

W. A. Eldredge, Jr., of Smith, ·Williams, Friday & Bowen, Little Rock, Ark., for plaintiff.

Sam Laser, of Cockrill, Laser, McGehee & Sharp, Little Rock, Ark., for defendant.

YOUNG, District Judge.

On November 5, 1962, John Wortman's father, E. T. Wortman—nominal plaintiff in this case—entered into a contract with the defendant which included an "uninsured motorist" clause, which covered John Wortman.

On November 23, 1962, John Wortman[1] was involved in an accident with a Mrs. H. O. Walker—an uninsured motorist—who, it is alleged, negligently caused the collision which damaged him.

Tommy Smith's estate filed a suit in the Circuit Court for Pulaski County, Arkansas, joining both Mrs. Walker and John Wortman as defendants. This case is set for trial on November 12, 1963.

On May 16, 1963, after Safeco and Wortman failed to reach a settlement, this case was filed in Federal District Court for the Eastern District of Arkansas, alleging that Safeco was bound under its contract to indemnify Wortman for injuries caused by an uninsured motorist.

On June 17, 1963, Safeco filed a motion to dismiss under Rule 12(b) of the F.R.Civ.P. for lack of jurisdiction and failure to state a claim.

On July 5, counsel for John Wortman submitted a memorandum brief in opposition to the motion to dismiss. In a covering letter counsel explained that he does not want to try his cause of action "in an atmosphere which will be attendant to the trial of a tort case for the wrongful death of a young man when the real adversary to my clients' claim is not even a named party defendant." But, he fears that if he does not file a cross-complaint, and the Circuit Court case goes to judgment, Safeco will plead that Circuit Court case as a complete bar, presumably under the Arkansas Compulsory Counterclaim Statute (Ark.Stat.Ann. § 27–1121).

## DEFENDANT'S MOTION TO DISMISS

■ Defendant's first contention is that before jurisdiction can attach in Federal Court there must be diversity of citizenship *and over* $10,000.00 on controversy, and that in the case at bar the matter in controversy does not exceed $10,000.00, since the amount of the policy does not exceed $10,000.00. Defendant recognizes Ark.Stat. § 66–3238, which provides for penalty and attorney's fees where the plaintiff collects from an insurance company the sum sued for, but it contends that such penalties and attorney's fees are not to be added to the liability limit in determining jurisdiction in cases involving an "uninsured Automobile Endorsement." The defendant is wrong. In Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933), the United States Supreme Court held that attorney's fees, under an Arkansas statute almost identical to § 66–3238, should be added to the amount sued for, in order for the jurisdictional amount to be determined. I can see no reason why an "Uninsured Automobile Endorsement" should be viewed in a different light.

The next contention is that the pertinent part of the endorsement[2] itself requires the insuror pay only that amount which "the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *" and that as yet the plaintiff's damages have not been de-

---

1. John Wortman was driving his motorcycle on Main Street in North Little Rock; he was accompanied by Tommy Smith. It is alleged that Mrs. Walker turned left without warning and collided with the boys. Tommy Smith was killed.

2. Safeco agrees to: "Pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident * * * and arising out of the ownership, maintenance or use of such uninsured automobile."

termined, and further, that such a determination is a condition precedent to the prosecution of this case against the defendant.

The problem that we must face in this case is a new one. Very few cases have been reported that shed light upon the subject, and with regard to this particular point, this court as well as counsel have been unable to find any primary authority which is directly in point. See also Annot., 79 A.L.R.2d 1252 (1961), entitled Rights and liabilities and "uninsured motorists" coverage, and Robert L. Jones, Jr., Problems Involved In Uninsured Motorist Coverage, 15 Ark.L.Rev. 219 (1961), which—although in accord with plaintiff's position—cites no authority for the particular question of law now before this court.

■ The problem in Arkansas becomes even more complicated due to the fact that the endorsement provides for arbitration to determine liability and damages, and it is clear that the Arkansas law makes such a clause unenforceable and void. Ark.Stat.Ann. § 66–3233 (Supp.1959). Since arbitration is the method set out in the contract to determine liability and damages, we are left with the uninviting duty of finding a substitute.[3]

■ It appears that both the defendant and plaintiff may be bound by the findings of fact in the Pulaski County Circuit Court, and if this plaintiff recovered a judgment against the uninsured motorist there, he would be entitled to a judgment—limited of course by the policy limits—against the defendant, subject to policy defenses. Boughton v. Farmers Insurance Exchange, supra. Further, it appears evident that the plaintiff has a cause of action against the defendant in contract as well as against the uninsured motorist in tort.[4]

The defendant, insurer, contends that the damages to which plaintiff is entitled, if any, have not been determined, and that such determination is a prerequisite to the bringing of the instant action.

■ The provisions of the contract itself refute this contention. Arbitration is the device designated by the parties to determine whether the insured is legally entitled to damages from the uninsured motorist. Since arbitration is impossible in Arkansas, some other method must be used to determine whether the uninsured motorist is legally liable to the insured. The plaintiff, insured, has alleged facts sufficient to sustain a finding that the said insured is legally entitled to damages against the unin-

3. It might be suggested that if this portion of the endorsement is void, then the entire uninsured motorist clause should be declared void. However, this specific problem has arisen in Boughton v. Farmers Insurance Exchange, 354 P.2d 1085, 79 A.L.R.2d 1245 (Okl.1960), and the court in that case held in a well reasoned opinion that: "The primary and essential part of the contract was insurance coverage, not the procedure for determining liability. * * * Such provisions cannot invalidate or hold for naught a liability which the insurer agreed by contract to assume."

4. In Miller v. American Insurance Company of Newark, New Jersey, 124 F. Supp. 160 (W.D.Ark.1954), the plaintiff, insured, had an insurance policy on his truck which agreed to pay the losses sustained by the insured because of damages to the said truck. This policy also contained a compulsory arbitration clause. The truck was materially damaged by fire while driving through Arkansas, and the plaintiff, insured, sued the insurer in the federal district court in Arkansas. The insurer, defendant, contended that plaintiff's action was premature since the insurance contract provided for compulsory arbitration. Judge Lemley found that the contract was to be governed by Texas law and therefore the defendant's position was well taken; the plaintiff's remedy was before an arbitrator and the action in federal court was premature.

I think that the implication in this opinion is inescapable that if the contract had been governed by the laws of Arkansas the arbitration clause would have been void and the insured would have been entitled to bring an action against the insurer in a court of law in Arkansas.

:sured motorist. I see no reason why this court cannot make this determination as well as an arbitrator.

Aside from the arbitration clause, I can find nothing in the contract which precludes the plaintiff from bringing this action. In fact, since the insured cannot be made to arbitrate, and the contract suggests that the intention of the parties is to determine the issues between themselves, it appears to the court that the intentions of the parties will best be served by an action in a court of law by the insured against the insurer; the court, in effect, becomes the arbitrator.

■ It is the finding of this court that the plaintiff has stated a cause of action and the defendant's motions to dismiss under Rule 12(b) of the F.R.Civ.P. for lack of jurisdiction and failure to state a claim are denied.