TWENTIETH CENTURY-FOX FILM CORPORATION v. JENKINS.

District Court, S. D. New York.
Feb. 19, 1947.

Israel Beckhardt, of New York City (William Rosenfeld, of counsel), for Helen Silverstein, in support of her motion for permission to intervene as a party plaintiff.

Becker, Ross & Stone, of New York City, for plaintiff.

White & Case, of New York City (Orison S. Marden, of New York City, of counsel), for defendant in opposition to motion.

CAFFEY, District Judge.

This is an action under Section 16(b) of the Securities Exchange Act of 1934, Section 78p(b), Title 15, U.S.C.A., to recover from defendant, an officer and director of plaintiff, the sum of $15,655.81, alleged to be the profit made by him upon the purchase and sale on the same day of 600 shares of plaintiff's common stock. Helen Silverstein, claiming to be the owner for more than two years of 100 shares of the stock, moves to intervene as a party plaintiff under Rule 24(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion is opposed by defendant. Plaintiff has not appeared either for or against the motion.

She alleges in her moving affidavit that it appeared in plaintiff's proxy statement, dated May 1, 1946, sent to her, that on February 27, 1946, defendant's wife exercised an option, previously issued to defendant, to the extent of purchasing 600 shares of plaintiff's common stock and selling the same on the same day at a profit of $15,655.81; that on May 24, 1946, she notified plaintiff's president and board of directors that this transaction appeared to be in direct violation of the Securities Exchange Act and requested that they take such action as might be necessary, including the bringing of suit, to recover the profit for plaintiff; that she made inquiries from time to time thereafter to make sure that proper action was being taken; and that, as a result of such notice and inquiries, this action was instituted on August 19, 1946.

She then alleges, as her reasons for seeking to intervene, that it was due to her vigilance, notice and request that this action was commenced; that she may be bound by any judgment therein; that the representation of her interest may be inadequate; that she has no connection with the management of plaintiff, or with defendant; and that she merely asks, in good faith, to protect the interests of plaintiff and its stockholders.

In his affidavit opposing the motion a member of the firm of attorneys representing defendant alleges that Mrs. Silverstein owns only 100 shares out of a total of 2,119,709 shares outstanding; that there has never been any concealment of the facts of the transaction; that, indeed, they are fully disclosed in the proxy statement; that, at conferences between the regular attorneys of plaintiff, the staff of the Securities and Exchange Commission and himself, in June and July, 1946, it was arranged that plaintiff would retain special counsel to bring this action; that the action has been diligently prosecuted; that there is no reason, in plaintiff's interest, for the intervention of a stockholder; and that no facts are set forth in the moving affidavit to justify the assertion therein that representation of plaintiff's interests may be inadequate.

I think that the motion to intervene should be granted, even though her financial interest in the outcome is exceedingly small. It seems more than likely that this action never would have been instituted, if she had not brought the matter to the attention of plaintiff's president and board of directors and if it be true, as stated in her brief, that plaintiff in its annual statement to its stockholders indicated that it had been legally advised that no cause of action existed.

█ It seems to be true that the facts are undisputed and that only questions of law are involved. But these questions are important, novel and of first impression, for no case involving the liability of a director for profits made by his wife on exercising an option to buy stock in his corporation, given to him and assigned to her, and immediately selling the stock has heretofore arisen. The assistance of another attorney may be very helpful in such a situation. Furthermore, there is an atmosphere of collusion, for the decision to retain special counsel was reached at conferences in which the attorney for defendant participated. I do not mean to intimate that special counsel will not prosecute the action vigorously and to the best

of their ability, but they and their client appear to be quite willing that Mrs. Silverstein should be permitted to intervene, for they are not opposing her motion. They, and not the defendant, would seem to be the parties most interested in opposing intervention.

Rule 24(a) should be liberally interpreted. United States v. C. M. Lane Lifeboat Co., Inc., D.C.,E.D.N.Y., 25 F. Supp. 410, 411. See also Park & Tilford, Inc. v. Schulte, 2 Cir.1947, 160 F.2d 984.

Settle order on two days' notice.