Louis B. Heller, J.
Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) moves to stay-arbitration on the ground that ‘‘ no dispute exists between the parties which could be the subject of arbitration.” The claim asserted in the arbitration proceeding arises out of an accident allegedly- caused by a hit-and-run vehicle.
MVAIC contends (1) that no physical contact occurred between the hit-and-run vehicle and the auto operated by the respondent, the injured claimant, and, furthermore, (2) that in any event such issue “ is not before this Court on this motion.” On the other hand, the respondent, an ‘1 insured ’ ’ under the New York Automobile Accident Indemnification Endorsement, hereinafter called the Endorsement, argues that any such issue would in any event be determinable by the arbitrators.
In other words, disagreement between the parties revolves about a factual issue, i.e., the occurrence or nonoccurrence of physical contact. Further disagreement exists among the parties as to whether the factual issue is determinable by the arbitrators or by the court. Finally, even the court’s power to effect such determination in the instant proceeding, as distinguished from a plenary action, has been challenged by MVAIC.
There is a common area of agreement between the parties. It is undisputed that a hit-and-run vehicle is an ‘‘ uninsured automobile ” under the terms of the Endorsement and that, assuming respondent’s injuries were sustained as the result of the negligent operation of an uninsured vehicle, respondent would be entitled to the protection afforded by the Endorsement, i.e., the right to redress through arbitration.
From the petition it appears that respondent’s claim was rejected following an investigation made by petitioner on the asserted ground that there was no physical contact between the vehicles. Respondent’s affidavit, submitted in opposition herein, specifically states that the hit-and-run auto struck his vehicle in the rear. On the basis of the respondent’s statement it would seem that the claimant has exclusive knowledge of the facts relied upon to prove the occurrence of physical contact, a neces *457 sary prerequisite to establish compliance with the Endorsement (Definitions II [c]) and a condition precedent to MVAIC’s assumption of liability (see Matter of Portman [Motor Vehicle Acc. Ind. Corp.], 33 Misc 2d 385). Under the circumstances, though petitioner has failed to submit proof which would refute claimant’s evidence, the court is inclined to find that a substantial issue has nevertheless been raised herein (see Matter of Motor Vehicle Acc. Ind. Corp. v. Brown, 15 A D 2d 578, 579).
A substantial issue having been raised with respect to respondent’s compliance, the question must be resolved by “ an immediate trial of the same.” (Civ. Prac. Act, § 1458, subd. 2; see, also, Matter of Motor Vehicle Acc. Ind. Corp. v. Brown, supra). It is the court’s opinion that determination of such factual issue, however, does not come within the scope of the arbitration clause and, furthermore, as will hereinafter be substantiated, is determinable by the court in this proceeding. (See Motor Vehicle Acc. Ind. Corp. v. McKelvey, N. Y. L. J., Sept. 26, 1961, p. 13, col. 7.)
It is true, as noted by respondent, that the foregoing conclusion is contrary to the rule prevailing in the First Department, where ‘ ‘ All issues of fact and law * * * arising under the indorsement” are determinable by the arbitrators (Motor Vehicle Acc. Ind. Corp. v. Velez, 14 A D 2d 276, 277). In this Department the Appellate Division limited the scope of the arbitration clause by holding that an issue raised regarding timely notice did not come within the purview of the arbitration agreement (Matter of Motor Vehicle Acc. Ind. Corp. v. Brown, supra). The court reached that determination after specifically stating: “ The coverage afforded by this required indorsement is not operative unless the damages flow from an accident caused by an uninsured vehicle ” (supra, p. 579).
To this court the foregoing holding and the quoted language clearly indicate that the arbitration procedure, the only remedy afforded under the Endorsement, may not be pursued by a claimant without prior determination of an issue raised with respect to the claimant’s right, as a victim of a hit-and-run accident, to the protection provided by the Endorsement.
Before proceeding further it must be noted that another holding in the Brown case (supra) bears upon the issue of the court’s power. The Appellate Division granted MYAIC’s application to stay arbitration until the factual issue, raised with respect to compliance with the conditions of the Endorsement, was determined upon a hearing to be conducted by the court pursuant to the provisions made therefor in section 1458 of the Civil Practice Act.
*458 In connection with both points, i.e., the scope of the arbitration clause and the procedural method for determining the preliminary issue of physical contact, the Third Department case of Matter of Phoenix Assur. Co. of N. Y. (Digamus) (9 A D 2d 998), favorably cited in the Brown case (supra) is also authority for the result reached herein. The Appellate Division there specifically limited the scope of a similar arbitration clause to the issue of common-law negligence and damages. It then remitted the matter to Special Term for a hearing to take proof relative to the factual issue, found by the Appellate Division to have been raised, as to whether the offending vehicle was in fact “ uninsured.”
The court will now give its full attention to the petitioner’s argument that the issue of physical contact is not before this court for determination and that it must be determined in a separate action. In its brief petitioner concedes that it is the court’s function to pass upon the question “ whether there was failure to proceed with the obligation to arbitrate.” (Matter of Kahn [National City Bank], 284 N. Y. 515, 523.) It is not disputed that, until there has been a determination as to whether the alleged offending vehicle was in fact uninsured, the Endorsement coverage does not take effect (Matter of Phoenix Assur. Co. of N. Y. [Digamus], supra).
A discussion of the holding in Matter of Rosenbaum (American Sur. Co. of N. Y.) (12 A D 2d 886), upon which the petitioner relies, will reveal the unsoundness of its position due principally to the dissimilarity in facts. In that case, while the proceeding was purportedly instituted under section 1450 of the Civil Practice Act to compel arbitration, actually that was not the purpose. The proceeding was brought by a claimant for the avowed purpose of having a determination made as to whether or not an alleged tort-feasor 1 ‘ was in fact uninsured ’ ’ (p. 886). In other words the proceeding was instituted for the purpose of determining if the claimant had a claim which he could then assert, not to compel arbitration of an asserted claim. The Appellate Division properly held ‘ ‘ That such procedure is unauthorized under section 1450 of the Civil Practice Act.” The appeal record in the Rosenbaum case reveals the petitioning claimant had failed to submit evidentiary facts sufficient to sustain a determination that the offending vehicle was in fact uninsured and was therefore insufficient to raise a substantial issue. Under section 1450 a hearing or a trial is ordered only where a substantial issue is raised. The claimant was obliged to set forth facts indicating that he had a right to compel arbitration, and absent such a showing (that the offending *459 vehicle was uninsured), claimant had no claim to arbitrate. (See Matter of Essenson [Upper Queens Med. Group], 307 N. Y. 68, 72.) There is no right to arbitration where there is no proof either way as to whether the vehicle is insured. (Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc 2d 739.)
The arbitration proceeding will be stayed pending determination of the issue, as to the occurrence of physical contact between claimant’s vehicle and the hit-and-run automobile. Let the order provide for determination of such issue (1) either by reference to an Official Referee to hear and report, or if the parties so stipulate to hear and determine; or (2) by the court (Matter of Motor Vehicle Acc. Ind. Corp. [Croce], N. Y. L. J., March 29, 1962, p. 14, col. 7); or (3) by the court and a jury, if demanded. (See Civ. Prac. Act, § 1458, subd. 2, last line; Matter of Motor Vehicle Acc. Ind. Corp. [Coccaro], N. Y. L. J., April 2,1962, p. 15, col. 2, 3.)