In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Petitioner, and ALEX STEIN et al., Respondents.

Supreme Court, Special Term, Nassau County, July 24, 1962.

*Rivkin & Leff* for petitioner. *Friedlander & Gaines* for respondents.

PAUL J. WIDLITZ, J. This is an application to stay arbitration of a claim for personal injuries pending preliminary determination by the court of the questions of whether: (1) a " hit and run " car was involved in the accident; and (2) a report of the accident was timely filed with the proper officials. The claim filed by the respondents is asserted under an Accident Indemnification Endorsement, which provides coverage against accidents caused by uninsured motorists, and is incorporated in automobile liability policies pursuant to subdivision 2-a of section 167 of the Insurance Law.

On August 17, 1960, the respondent, Alex Stein, was operating a Volkswagen in a northerly direction on Southern Boulevard

in Bronx County, New York. The respondent, Harry Smollens, was a passenger in the car. The affidavits of both respondents state that their vehicle was proceeding between 156th and 157th Streets when it was struck on the left rear side and bumper by an unidentified car, coming in the opposite direction, which cut into the northbound lane of traffic. As a result of the alleged impact, the respondents' vehicle went out of control and crashed into a building on the west side of Southern Boùlevard. Both occupants of the Volkswagen were removed by ambulance to Lincoln Hospital for injuries received in the accident.

The New York City police arrived at the scene, and both respondents aver the officers were advised of the manner in which the occurrence happened. The police accident report, however, makes no reference to a hit and run car or to any contact between the respondents' vehicle and another car. The report simply states: " Veh 1 proceeding north on So. Blvd. to avoid collision with unknown veh, swerved to left, lost control." But a MV 104 report, filed by the respondent Stein with the Commissioner of Motor Vehicles, describes the accident as claimed in the respondents' affidavits.

The respondents in this proceeding constitute " insured persons " as distinguished from " qualified persons " within the meaning of section 601 of the Insurance Law. The rights of an insured person are governed by the *uninsured motorist indorsement* attached to automobile liability policies issued in this State. This indorsement defines a " hit and run " automobile as one which " causes bodily injury to an insured arising out of *physical* contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident." (Emphasis supplied.) The indorsement also requires that the accident be reported within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the *Commissioner of Motor Vehicles.* Compliance with both conditions is a prerequisite to the filing of a claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC) (*Matter of Motor Vehicle Acc. Ind. Corp.* [*Brown*], 15 A D 2d 578; *Matter of Bellavia* v. *Motor Vehicle Acc. Ind. Corp.,* 28 Misc 2d 420; *Matter of Motor Vehicle Acc. Ind. Corp.* [*Blesser*], N. Y. L. J., Sept. 26, 1961, p. 15, col. 1, JOHNSON, J.).

In this case, no bona fide issue of fact is raised with respect to the giving of timely notice of the accident. An exhibit annexed to respondents' papers indicates that the Motor Vehicle Bureau acknowledges receipt of an accident report on April 18, 1960, the day following the accident. This constitutes timely and proper notice under the provisions of the indorsement. The question

of whether the accident involved a hit and run car within the meaning of the indorsement does not fall within the same category. On this score, the papers disclose the existence of a substantial disputed issue of fact. The absence of an indication in the police blotter report that the accident involved physical contact with an unidentified car is not conclusively binding on the respondents. Conversely, the self-serving motor vehicle report filed by respondents with the Motor Vehicle Commissioner cannot preclude petitioner from contesting the issue of lack of contact.

The remaining problem is whether determination of this issue is for the arbitrators or the court. The provisions of the indorsement obligates the insurer to "pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, * * * provided, * * * determination as to whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured * * * and MVAIC or, if they fail to agree, by arbitration."

The language of the indorsement has been interpreted to limit arbitration to the issue of negligence, and the resulting question of damages, if fault is established (*Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, 11 N Y 2d 310; *Matter of Phoenix Assur. Co. of N. Y. [Digamus]*, 9 A D 2d 998). And "Where the covenant to arbitrate is made subject to conditions precedent, the existence of such conditions when disputed is an issue for the court". (*Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, supra, p. 314.) However, on a motion to compel arbitration, a jury trial is authorized under section 1450 of the Civil Practice Act "'If evidentiary facts be set forth raising a substantial issue as to * * * the failure to comply' with a contract to arbitrate" (*Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, supra, p. 314). The respondents have requested a jury trial, and the evidentiary facts warrant such trial on the issue: "Was the accident caused by a hit and run vehicle within the meaning of the policy endorsement?"

The issue thus presented in this proceeding is accordingly set down for a hearing before a jury at Special Term, Part III of this court for the opening day of the September 1962 Term, subject to the Justice presiding thereat, and provided a jury demand is filed within five days from the date of service of a copy of the order hereon with notice of entry. In the absence of a jury demand, the matter shall be heard at Special Term, Part II of this court on the same date.