Lewis W. Olliffe, J.
Alleging that no arbitrable dispute exists between the parties, Motor Vehicle Accident Indemnification Corporation (MVAXC) moves to stay arbitration. Petitioner asserts that respondent, an insured under bis own automobile liability policy, has failed to show compliance with two necessary policy conditions required in a claim based upon an asserted hit-and-run accident: (1) that the accident arose out of physical contact with the hit-and-run vehicle and (2) that 44 the insured * * * shall have reported the accident” (policy endorsement, par. II [o]), MVAXC urges that the quoted clause required the insured, in reporting the accident to the police, to report the accident as a 44 hit-and-run accident,” The police aided-uard shows that respondent was injured when the vehicle he was operating11 Skidded on ice caused by sleeting [and] struck wire mesh fence ’
Bespondeat insured consents to a trial of the issue raised with respect to the occurrence of physical contact. The insured takes issue, however, with petitioner’s interpretation of the quoted policy' provision pertaining to the sufficiency of the report required to be made to the police, though respondent’s counsel states herein that respondent 46 mentioned being sideswiped to the police officer."
Despondent urges that ¿ a report of an accident to the police within 24 hours is sufficient compliance with the [contract] ”. Betitioner contends that the report to the police was deficient in that it does not show that the accident involved a hit-and-run vehicle.
According to the policy definition, to constitute a vehicle 44 a hit-and-run automobile ’ the 4 4 insured * * * shall have reported the accident * * The uniformly accepted meaning of the verb 44 report ” is 44 to give an account of; to relate; to tell" (77 d. J. ¡3., p. 252) and to "narrate” (Webster’s Hew International Dictionary, 2d ed., p. 2113).
What the insured reported, narrated, related or told to the police concerning the occurrence of the accident constituted the facts which are determinative of the question of compliance. Obviously the accident described in the police blotter differs materially from the accident the respondent assorts he related to thepolice officer.
The fact that there appears in the police records such a report of the accident, as hereinabove recited 14 does not preclude, as a matter of law, a finding ” of compliance (Matter of Holmes v. Motor Vehicle Acc. Ind. Corp., 16 A D 2d 1003, 1004), i.e., that respondent did report to the police a sideswiping accident involving an unidentified vehicle or an unidentified driver. It is the *67 court’s opinion that respondent is not hound by any deficiency appearing in the police. report as recorded by the policeman (Matter of Casanova [Motor Vehicle, Acc. Ind., Corp.], N. Y. L. J., Aug. 7, 1962, p. 4, col. 8). It is the court’s further opinion that neither is the petitioner bound to accept,, without a hearing, the sideswiping version of the. accident, as alleged herein by respondent’s attorney since 6t the facts relied upon to establish compliance with the policy provisions gre within claimant ’s (respondent’s) exclusive knowledge.” (Matter of Motor Vehicle Acc. Ind. Corp. [Brown], 15 A D 2d 578, 579,)
The court finds that an issue has accordingly been raised respecting compliance with the requirements of the report provision.
Motion is granted to the extent that arbitration is stayed pending determination of the issues raised, i.e., the occurrence, of physical contact and the respondent’s compliance with the report provision of the policy. Let the order provide, for the hearing.