Louis B. Heller, J.
In an arbitration proceeding the respondent Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, moves to stay arbitration on two grounds: (1) that no physical contact occurred with the alleged hit-and-run vehicle; and (2) the petitioner failed, when reporting the incident to the police, to designate the occurrence as a hit-and-run accident, a condition purportedly required by the provisions of the insurance policy. Petitioner, the injured claimant, cross-moves to compel arbitration.
In support of its asserted position MVAIC notes (1) the absence from the police aided card of any mention of the occurrence of physical contact with the alleged offending vehicle, and (2) the failure of the police record to include facts showing the reported incident to be a hit-and-run accident.
The evidence of physical contact submitted by the petitioner is exceedingly limited in probative value. The court does not consider the statement found in the hospital record, that a “ car from behind struck” petitioner, as being binding on MVAIC. And the alleged inclusion of language in petitioner’s MV-104 accident report to the Commissioner of Motor Vehicles, *173 describing physical contact with another motor vehicle, would, at best, constitute a self-serving declaration.
The court finds that issues have been raised herein respecting petitioner’s compliance, which cannot be disposed of without a hearing. (Matter of MV AIC [Brown], 15 A D 2d 578.) Since the facts pertaining to the occurrence of physical contact are exclusively within the knowledge of the petitioner, the failure of the police aided card to show affirmatively that the accident resulted from physical contact with another vehicle raises an issue in regard thereto. (Matter of MV AIC [Herrington], 33 Misc 2d 455.)
The policy provides that 1 ‘ the insured * * * shall have reported the accident within 24 hours or as soon as reasonably possible to a Police * * * Officer or to the Commissioner of Motor Vehicles ”. Such provision does not bind the petitioner with respect to the sufficiency of the report of the accident appearing in the records of the Police Department. (Matter of Casanova [MV AIC], 36 Misc 2d 489.) The insufficiency of the police record, however, does give rise to a substantial issue respecting the petitioner’s compliance with the reporting provision of the policy respecting a hit-and-run accident (Matter of MV AIC v. Reuter, 36 Misc 2d 65).
Compliance with the reporting provision could also have been effected by filing a sufficient report with the Commissioner of Motor Vehicles as soon as reasonably possible. (See Matter of MV AIC (Stein), 35 Misc 2d 1007.) The affidavit submitted by petitioner’s attorney, which simply alludes to the filing of a MV-104 accident report with the Commissioner of Motor Vehicles without furnishing the court any evidentiary facts, does not demonstrate compliance with the reporting provision.
MVAIC’s motion is granted only to the extent of staying arbitration pending determination of the issues raised with respect to the petitioner’s compliance with the physical contact and report provision of the policy. Final determination of both motions will accordingly be held in abeyance pending the result of the hearing.