STATE of Missouri ex rel. STATE FARM
MUTUAL AUTOMOBILE INSUR-
ANCE COMPANY, Relator,

v.

Hon. Marshall CRAIG, Judge of the Circuit
Court of Scott County, Missouri,
Respondent.

No. 8172.

Springfield Court of Appeals.

Missouri.

Jan. 24, 1963.

Motion for Rehearing or for Transfer to
Supreme Court Overruled Feb. 12, 1963.

Jackson & Thomasson, Freeland L. Jackson, Cape Girardeau, for relator.

Dempster & Edwards, Robert A. Dempster, Sikeston, for respondent.

RUARK, Presiding Judge.

This is mandamus to require the trial judge to permit intervention.

Relator, State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"), issued its policy of insurance to Arthur Allen (hereinafter referred to as "insured"), whereby (under Coverage III) State Farm agreed to pay all sums which insured "* * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured * * *"; subject to the provision that "for the purposes of this coverage, determination as to whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured * * * and the company or, if they fail to agree,

by arbitration." Under "Exclusions" it was provided that such insurance should not apply to any injury with respect to which the insured should, without written consent of the company, make settlement with or prosecute to judgment any action against the person legally liable therefor. Under "Conditions" it was provided that, if before payment by insurer the insured should institute any action against the person legally responsible for the injury, a copy of summons and complaint would be forwarded immediately to the company.

On March 31, 1962, the insured, Allen, commenced suit in the circuit court against Hobert Crader, Aleen Crader and State Farm. The suit was in two counts. Count I alleged that on March 29, 1961, plaintiff while driving his car in the exercise of the highest degree of care was struck by a car driven by defendant Hobert Crader and that plaintiff suffered injury and damage in the sum of $5,000 for which he prayed judgment against "the defendant." In Count II plaintiff realleged all the allegations of paragraphs one and two of Count I. He then stated: that plaintiff was insured by State Farm under a provision in the policy which covenanted that insurer would pay all sums which plaintiff should be legally entitled to recover as damages under the uninsured motorist coverage; that the automobile which Hobert Crader was driving was uninsured and that neither Hobert Crader nor Aleen Crader had insurance to cover bodily injuries of plaintiff; that plaintiff has made demand upon State Farm to pay for the bodily injuries which "he" has sustained and payment has been refused. "Wherefore, the plaintiff prays for judgment against the defendant in the amount of $5,000 * * *."

■ The defendants Crader, although served, did not answer or contest but have remained in default. Within proper time, defendant State Farm filed, to Count II, motion to dismiss for failure to state a claim because the action was premature; and, to Count I, motion to intervene. This motion admits the execution of the policy. It alleges that the defendants have failed to file responsive pleadings; that petitioner has reason to believe that the defendants are uninsured motorists within its coverage; that it has a direct interest in the outcome of Count I and its interest is not being adequately represented; and that petitioner may be bound by a judgment entered on Count I, on both the issue of liability and the issue of amount of damages. Both motion to dismiss and motion to intervene were overruled. This action is to require the trial court to permit intervention in Count I. If State Farm is entitled to intervene as a matter of right, mandamus is a proper remedy. State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257 (5), 2 A.L.R.2d 216.

We have then a suit composed of one count in tort against one party and another (Count II) based on contract against another party. The questions to be determined on the issues in Count I would, in the ordinary course, be: (a) whether the uninsured motorist was negligent; (b) whether plaintiff was in the exercise of the highest degree of care; (c) whether plaintiff was injured; and (d) the amount of damages which plaintiff is legally entitled to recover. The issues arising under the contract count (Count II), could involve: (a) whether plaintiff was insured; and (b) whether defendant was an uninsured motorist. Neither of these seems to be disputed; therefore, the only *real* issues in the lawsuit appear to be those involved in Count I.

■ We must first dispose of some preliminary questions. The *arbitration provision* did not prevent the bringing of the suit, RSMo., § 435.010, V.A.M.S. Regardless of statute, the general rule is that the contract cannot oust jurisdiction of the courts as to a determination in respect to liability, although it may provide a reasonable method of estimating or appraising the amount of damage. 29A Am.Jur., Insurance, § 1161; see Security Printing Co. v.

Connecticut Fire Ins. Co. of Hartford, Conn., 209 Mo.App. 422, 240 S.W. 263.[1] We think further that the "consent" exclusion as a bar to suit must fall along with the arbitration clause. The exclusion would reasonably be applicable in situations where arbitration is required; but, where this is not the case, it would be against public policy to permit a prohibition against resort to the courts for remedy without the consent of the person ultimately liable.

Supreme Court Rule 52.11, V.A.M.R. provides for intervention as a matter of right "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." Such provision is patterned after that in Federal Rule of Civil Procedure 24(a) (2).

■ We think the argument that relator's interest will be "adequately represented" in respect to Count I because the court will require proof of plaintiff's cause is specious. It is not the duty of the trial court to subpoena and interrogate witnesses who might contradict the testimony of plaintiffs or those who might testify to compelling facts which show that plaintiff is not "legally entitled to recover" the damages he claims. The court cannot, and should not, act as attorney for the defaulting defendants. Every practicing lawyer knows that, in so far as the issues of fact are concerned, the defaulting defendants are not "adequately represented."

■ The petitioner for intervention must have an "interest" in the subject matter of the action. Such interest does not include a mere, consequential, remote or conjectural possibility of being in some manner affected by the result of the original action. It must be such a direct claim upon the sub-

ject matter of the action that the intervenor will either gain or lose by direct operation of the judgment to be rendered. State ex rel. Farmers Mutuals Auto Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318(4); Laclede Gas Co. v. Abrahamson, Mo., 296 S.W.2d 100, 61 A.L.R.2d 1286; see City of Hannibal v. Winchester, Mo.App., 360 S.W.2d 371, 375. Respondent leans heavily upon the Weber case, supra, but we think the factual situation there involved distinguishes it from the case at hand. The question is: Does the petitioner have an "interest" contemplated by Rule 52.11? Will it gain or lose by the direct operation of the judgment? Is the situation such that it "may be bound" by a judgment against the uninsured motorist in Count I?

In considering this question, we must endeavor to determine what kind of insurance is involved. The terms of the insurance contract bind State Farm to pay all sums which the insured "shall be legally entitled to recover" from the uninsured motorist. The character of this coverage must be separated from the regular and customary liability insurance. The petitioner is not the insurer of the uninsured motorist. Neither, on the facts in *this* case, is it called upon to defend the insured against the claim made by the opposing party. The defendants Crader are in default. They assert nothing upon which the insurer is called upon to discharge its "liability" contract with insured. We see no conflict of interest or position. The only insurance *here* involved is that which has been likened to limited accident insurance.

"The undertaking of the insurer more closely resembles the undertaking contained in other provisions of the standard policy to pay to the insured medical expenses suffered by him as a

1. See Levy v. American Automobile Insurance Co., 31 Ill.App.2d 157, 175 N.E.2d 607; Childs v. Allstate Insurance Co., 237 S.C. 455, 117 S.E.2d 867; Kirouac v. Healey, N.H., 181 A.2d 634; Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085, 79 A.L.R.2d 1245; Mat-

thews v. Allstate Insurance Co., (E.D. Va.), 194 F.Supp. 459; Allstate Insurance Co. v. Charneski, 16 Wis.2d 325, 114 N.W.2d 489 at 493. See, also, Motor Vehicle Accident Indem. Corp. v. Stein, 35 Misc.2d 1007, 231 N.Y.S.2d 727.

result of injury by automobile, although the undertaking now in question is limited to payment of damages for bodily injuries occasioned by a limited category of tort feasors, namely uninsured operators against whom the insured is 'legally entitled to recover.' See 24 Insurance Counsel Journal 134, 136–137. Thus uninsured motorist insurance more closely resembles accident insurance restricted to a limited class of accident, than it does the type of insurance commonly regarded as indemnity insurance. See 44 C.J.S. supra Insurance § 2, p. 474." Kirouac v. Healey, supra (1962), N.H., 181 A.2d 634, l. c. 636.

The "interest" of intervenor is inextricably tied to the question of whether it "may be bound" by the direct operation of the determination of the issues raised in Count I. Let it be assumed that it will not be "bound" in the ordinary sense of res adjudicata so that a judgment against the uninsured motorist can be enforced against an insurer who is not made a party by means of execution or other process. But the question is: Will the insurer, or may it, be "bound" in the sense that the insurer will not be permitted to dispute or deny that the insured is "legally entitled to recover" a certain sum since that fact will have been determined in Count I. If this be true, the insurer, although having been made a party to the suit, will be denied its day in court for the determination of these issues which directly affect its liability.

■ Some analogy perhaps may be drawn from the rule that " ' * * * where a person is responsible over to another, either by operation of law or express contract, and he is duly notified of the pendency of the suit against the person to whom he is liable over and full opportunity is afforded him to defend the action, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appeared or not.' * * * " London Guarantee & Accident Co., Limited, of London,

England, v. Strait Scale Co., 322 Mo. 502, 15 S.W.2d 766, 770, 64 A.L.R. 936; United Pacific Insurance Company v. Meyer (9th Cir.), 305 F.2d 107. Such is regarded as an extension of the doctrine that all who are parties or privies to a judicial record are bound by the judgment, because the person to be bound has a right to appear and defend. See 30A Am.Jur., Judgments, § 422, p. 476; City of St. Louis v. Silk, 239 Mo. App. 757, 199 S.W.2d 23, 27. The insured should have the right to dispute the questions which make it liable on its contract. To say in this case that the action is premature because the insured has not yet established the legal liability of the uninsured motorist would in effect convert the "legally liable" policy to an unsatisfied judgment policy and would promote the multiplicity of suits.

■ Statutes which govern intervention should receive a liberal construction. State ex rel. Duggan v. Kirkwood, supra, 357 Mo. 325, 208 S.W.2d 257(4), 2 A.L.R.2d 216; National Sur. Corp. v. Fisher, Century Indem. Co., Intervenor-Respondent, Mo., 317 S.W.2d 334(6); Kozak v. Wells (8th Cir.), 278 F.2d 104, 111, 112; United States v. C. M. Lane Lifeboat Co., Inc. (D.C.,E.D., N.Y.), 25 F.Supp. 410(1); Twentieth Century-Fox Film Corporation v. Jenkins (D.C.,S.D.,N.Y.), 7 F.R.D. 197(2). In Kozak v. Wells, supra (8th Cir.), 278 F.2d l. c. 110, the court, in interpreting Federal Rule 24 in respect to intervention as a matter of right, stated:

"The question whether the respective applicant interveners are 'or may be bound by a judgment' in the action. These interveners are not indispensable parties and it could be said, if they were denied intervention, that technically they would not be bound by a judgment against the plaintiffs. On the other hand, as this court also said in the Ford case, at page 28 of 249 F.2d, we 'think that in a very real sense (the applicants-interveners) would be bound, since obviously such a judgment' would

determine the legal effectiveness of the attacks against the state court order and judgment * * * and the existence and propriety of defendants' acts * * *, and the result would certainly establish an adverse precedent for the interveners. Damage would have been done and undue prejudice may result, Clark v. Sandusky, supra, at page 918 of 205 F.2d, and the applicants would be ' "bound" by the determinations therein in a very practical sense', Textile Workers Union v. Allendale Co., supra, at page 767 of 226 F.2d, and would 'gain or lose by the direct legal operation of the judgment', Kelley v. Summers, 10 Cir., 210 F.2d 665, 673; Pure Oil Co. v. Ross, 7 Cir., 170 F.2d 651, 653. We prefer to give the word 'bound' this utilitarian and realistic interpretation and not the narrow one * * *."

And at l. c. 112, 278 F.2d:

"* * * And if the case is close and there are any doubts, the 'may be' language twice repeated in Rule 24(a) (2) convinces us that they are to be resolved in favor of the interveners."

In United States v. C. M. Lane Lifeboat Co., Inc., supra (D.C.,E.D.,N.Y.), 25 F.Supp., l. c. 411, the court stated:

"It is clear that any judgment rendered against the insurance company would enable the insurance company to proceed against its indemnitors. It is difficult to see what the defense to such an action would be except collusion or fraud or failure to exercise due diligence in the trial of the action in which the insurance company suffers a judgment to be obtained against it. The petitioner certainly has a vital interest in the outcome of this case even though he is not a party to it. It is no answer to assert that he could not have been made a party defendant by the plaintiff. Concededly the plaintiff has no right of action against the petitioner. On the other hand the rule in question, like all of the rules of civil procedure, should be liberally interpreted. The provision quoted would seem to apply in this case, for a judgment against the insurance company, though it would not directly bind the petitioner, would, in the last analysis, do so indirectly. Then too, there is something to be said as to the adequacy of the representation of his interest. He says that he not on friendly terms with the attorney who in effect is representing his interest."

In the very recent case of City of Independence v. Hare, Mo.App., 359 S.W.2d 33, the city was permitted to intervene in a suit by an assignee from a contractor against the property owner. Involved was the validity of the ordinance levying the assessment. The trial court denied the city's motion to intervene. The court reversed the trial court with directions to permit the city to intervene because the validity of the ordinance was questioned, many tax bills had been issued, and it was a matter of public interest.

An examination of the few cases involving the uninsured motorist coverage indicates that the answer to the question is yet unsolidified, but such opinions as are available indicate that the insurer "may be bound" by a judgment rendered against the uninsured motorist in the sense it may not dispute the liability of the uninsured motorist or the amount of damages. Boughton v. Farmers Insurance Exchange, supra, Okl., 354 P.2d 1085; Matthews v. Allstate Insurance Co., supra (E.D.Va.), 194 F.Supp. 459; Levy v. American Automobile Insurance Co., supra, 31 Ill.App.2d 157, 175 N.E. 2d 607, 612. In Matthews v. Allstate Insurance Co., supra, 194 F.Supp., l. c. 466, the court said:

"It is inconceivable to this Court that an insurance company, desirous of affording protection required by the

terms of the policy, would not be granted leave by the state court to intervene as a party defendant, or to otherwise have had its own counsel appointed to defend the servicemen. Undoubtedly, the insurance company would like to avoid being named as a party defendant but, if all other avenues of appearance and defense are closed, the right to intervene would apparently exist. The least that can be said is that an effort would be in order."

In Kirouac v. Healey, supra, N.H., 181 A.2d, l. c. 638, it was said that the question of whether insurer would be bound by the suit might be subject to considerations unknown, including whether the insurer participated in the pending action.

 Some attention must be paid to the provisions of the policy. Under "Conditions," if the insured brings suit against the uninsured motorist, he is required to furnish a copy of complaint and summons to the company. Of what value and to what purpose is this provision if the insurer is required to sit idly without power or right to intervene to protect its interest in event of default? Insurance policies should receive reasonable interpretations in order to accomplish the intention of the parties. Consumers Money Order Corporation v. Pettit, Mo.App., 358 S.W.2d 422(1, 2); Perkins v. Perkins, Mo.App., 284 S.W.2d 603(1). We think such provision is indicative of the intention that the "accident" insurer should have some right to take some action in a case which determines whether there are facts which make it effectively "bound."

 For the reasons assigned, we believe that, *under the facts peculiar to this case,* the relator should be permitted to intervene as a matter of right.

We do, however, agree with respondent that relator's intervention into Count I as a party should be permitted only to the extent of contesting the issues raised by Count I. It is clear that no new or foreign issues can be interjected into such count by the intervenor. Ratermann v. Ratermann Realty & Inv. Co., Mo.App., 341 S.W.2d 280, 287; Pine Lawn Bank & Trust Co. v. City of Pine Lawn, 365 Mo. 666, 285 S.W.2d 679, 685; Davis v. Austin, 348 Mo. 1094, 156 S.W.2d 903, 906; State ex rel. State Highway Commission v. Hudspeth, Mo.App., 303 S.W.2d 703(5). Hence, in Count I, the insurer could not raise any question concerning coverage in its policy.

The subject of the "uninsured motorist" coverage is a new one. Only a few states have statutes which govern (and require) its inclusion in liability policies. The courts have not yet had time or opportunity to work out the mechanics of procedure applicable to this innovation. Probably the most extended discussion will be found in the proceedings of the American Bar Association, Insurance, Negligence and Compensation Law Section, 1960, Procedure, p. 287, et seq.[2] What we have said and held is of course applicable only to this case; and in consideration of circumstances which involve a situation where the insurer has been dragged into the lawsuit by its heels and the trial court has refused to let it out; and that it is an unwilling party to a suit in which (unless by some special order or arrangement) there will be but one final judgment. Counsel for respondent stated in his arguement that it was the intention to try both counts at the same time. As to the various and sundry questions which may or might arise concerning the procedure to be involved in this character of insurance, we express no opinion and intend no holding except as applied to the specific situation before us.

The alternative writ is made permanent.

STONE, J., concurs.

2. See, also. Buffalo Law Review, Vol. 9, p. 283 (1960); The Georgetown Law Journal, Vol. 47, p. 724 (1959); Texas Law Review, Vol. 38, p. 163 (1959).