**NEDICK'S STORES, INC., Plaintiff,**

v.

**Harry GENIS, Defendant.**

United States District Court
S. D. New York.
Oct. 3, 1963.

Morris J. Levy, New York City, for proposed intervenor Lea S. Singer.

Shearman & Sterling, New York City, for plaintiff; Thomas A. O'Boyle, New York City, of counsel.

McLEAN, District Judge.

This is an action pursuant to Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)) to recover alleged short-swing profits. Defendant was formerly a vice president and a substantial stockholder of plaintiff corporation. He still holds directly or indirectly approximately 19 per cent of its stock.

Lea S. Singer, a minority stockholder of plaintiff, moves for leave to intervene as a party plaintiff. The motion is vigorously opposed by plaintiff corporation.

The proposed intervenor claims that, under Section 16(b) and under Rule 24(a) (1), she has an absolute right to intervene because plaintiff has failed "diligently to prosecute" the action. She does not make a convincing showing that this is so. This action was begun on December 29, 1962. It is true that it was begun 59 days after Miss Singer had demanded, on October 31, 1962, that such an action be instituted within 60 days. Plaintiff's counsel states, however, that he had recommended and that plaintiff had contemplated bringing the action before receiving Miss Singer's demand. There is no reason to doubt this statement. Defendant filed his answer on February 11, 1963. The present motion was made in June 1963, only some four months thereafter. The time interval is too short to justify the conclusion that plaintiff has not been diligent.

The proposed intervenor also claims that intervention should be granted under Rule 24(a) (2) on the ground that the representation of her interest by the plaintiff "is or may be inadequate." Her principal point here is that plaintiff has not included two transactions or series of transactions which she contends afford a basis for recovery. One of these relates to an option granted by defendant in February 1962 to certain persons to purchase 23,000 shares of the company's stock. The option was never exercised. The other relates to a series of acquisitions of stock allegedly made by the defendant in 1963 after this action was begun. One of these, an acquisition of 2,500 shares is said by plaintiff corporation to have been made by way of "a dividend or other form of transfer" to defendant from his wholly owned corporation, Genis Meat Corporation, and

hence not to constitute a "purchase" within the meaning of the Act.

Plaintiff's position on this aspect of the case is summed up in its statement that these two additional grounds of recovery "have already been considered and rejected by plaintiff as being without merit." I am not persuaded that this is the proper test. No doubt plaintiff and its counsel have been objective in reaching this conclusion, but nevertheless, the possibility remains that their conclusion may not be correct. Whether it is or not depends upon certain questions of law and also upon questions of fact.

■■ Although Silverman v. Landa, 306 F.2d 422 (2d Cir. 1962), supports plaintiff's conclusion as far as the option is concerned, it is difficult, and I believe undesirable, for the court to attempt, on this motion, without a full trial of the facts, to pass upon the validity of all the claims which the proposed intervenor believes should be asserted. I cannot say that the claims, particularly those based upon the 1963 transactions, are so obviously unfounded that the proposed intervenor should be denied all opportunity to try them out for the common good of the corporation and its stockholders. It is apparent that unless intervention is granted, the claims will not be asserted. In such a situation I believe that any doubts should be resolved in favor of granting intervention, particularly in view of the general rule that intervention in this type of case is liberally allowed. See the comprehensive opinion of Judge Edelstein in Molybdenum Corporation of America v. International Mining Corporation, et al., D.C., 32 F.R.D. 415 (1963), and cases there cited.

In the circumstances of this case, where the transactions which the proposed intervenor would include as the basis of a claim are definitely identified, there need be no duplication of effort. The labors of intervenor's counsel in the prosecution of this action should be devoted primarily, at least, to the prosecution of these additional claims. Respon-

sibility can thus be definitely fixed and the extent to which intervenor's counsel will be compensated can readily be determined by the court at the end of the case in the light of the success or failure of these claims.

The motion is granted. Settle order on notice.