Charles HEIT, Plaintiff,

v.

GULF & WESTERN INDUSTRIES, INC.
and Arthur G. McKee & Company,
Defendants.

Civ. A. No. 3697.

United States District Court,
D. Delaware.

Jan. 14, 1971.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, Del., and Howard L. Jacobs, of Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

S. Samuel Arsht and Lewis S. Black, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant Arthur G. McKee & Co.

Richard F. Corroon and Blaine T. Phillips, of Potter, Anderson & Corroon, Wilmington, Del., for defendant Gulf & Western Industries, Inc.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

This is an action brought by Charles Heit ("Heit"), a stockholder of Arthur G. McKee & Company ("McKee") at all relevant times, on McKee's behalf against Gulf & Western Industries, Inc. ("G&W") to recover alleged "short-swing profits" G&W is said to have realized while it was a McKee "insider" by reason of its beneficial ownership of more than 10% of the outstanding McKee stock. Securities Exchange Act of 1934, § 16(b), 15 U.S.C. § 78p(b). McKee is named as a defendant in this action. The case is presently before the Court on the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b) (6).

The facts relevant to decision on this motion are not in dispute. During 1968 and January 1969, G&W acquired a large number of McKee shares (eventually aggregating 17% of McKee stock)

with the alleged intention of taking over McKee. McKee management resisted this take-over effort and negotiated a purchase agreement by which McKee acquired all of G&W's McKee shares on January 17, 1969, for a substantial price.

Plaintiff Heit learned of this transaction prior to the closing and wrote to McKee on January 16, 1969, informing it of the alleged violation of § 16(b) by G&W and demanding that an action be instituted by McKee against G&W in order to recover the illegal profits. On January 23, 1969, counsel for McKee replied by letter stating that the company was aware of the matter and would take suitable action to protect the interests of the corporation. On February 24, 1969, McKee filed suit against G&W in the Northern District of Ohio. That case was later transferred to the District of Delaware and was given Civil Action No. 3958.

Plaintiff Heit instituted this separate suit on behalf of McKee in this district on April 7, 1969, against G&W and McKee. The basis alleged in the complaint for filing the additional suit was that the earlier suit filed by McKee did not properly state a claim against G&W and thus Heit did not consider the filing of the suit compliance with his demand of January 16th. By affidavit, brief and oral argument on this motion, plaintiff now argues that the basis for the Heit claim is that McKee has failed to prosecute its claim against G&W diligently.

■ Whether or not defendant McKee has failed to prosecute its lawsuit against G&W diligently at any time during the past two years, it is patently clear that the plaintiff had no cause of action on April 7, 1969, when this case was filed. The pertinent part of § 16(b) under which the plaintiff sues states:

> Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any securi-

ty of the issuer in the name and in behalf of the issuer *if the issuer shall fail or refuse to bring such suit within sixty days after the request or shall fail diligently to prosecute the same thereafter*; (emphasis added)

It is, of course, quite apparent that McKee instituted suit less than sixty days after plaintiff's January 16th letter. It is equally apparent to me that plaintiff could not possibly show a lack of diligence in the prosecution of the suit by McKee on April 7, 1969, the date plaintiff's suit was filed. This was only forty-two days after McKee filed its suit against G&W and only eighty-one days after plaintiff's letter to McKee. Either of these time lapses is clearly insufficient to show a lack of diligence on McKee's part. Cf. Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235 (S.D.N.Y.1963). Indeed plaintiff does not even argue that a lack of diligence had been demonstrated prior to April 7, 1969.

Plaintiff attempts to resurrect his claim by arguing that it is the lack of diligent prosecution of McKee's suit after April 7, 1969, that properly grounds this action. Counsel argues that it is somehow overly "technical" or "legalistic" to insist that plaintiff must have a claim as of the date of the filing of the complaint in order to withstand a motion to dismiss.

■ At least in the context of this case, the Court does not consider the notion that the plaintiff should have been able to allege facts that support a federal claim on April 7, 1969, at all technical or legalistic. The general rule is that the complaint must state a claim when filed and events that occur thereafter cannot retroactively resurrect an invalid complaint or invalidate a sufficient complaint. See, e.g., Thiokol Chemical Corp. v. Burlington Industries, Inc., 313 F. Supp. 253, 255 (D.Del.1970); cf. Wade v. Rogala, 270 F.2d 280, 284–285 (3rd Cir. 1959). The importance of the policies behind the conditions precedent to the existence of a security holder's right to sue under § 16(b) are set out by

Judge Weinfeld in Henss v. Schneider, 132 F.Supp. 60, 62–63 (S.D.N.Y.1955): The statute grants the corporation the right of action, and to permit security holders to sue in derogation of the statutory preconditions not only flies in the face of the statutory language but also deprives the corporation of the right to conduct its own litigation and subjects it to the possibility of a multiplicity of suits. Thus, in the context of this statute, it is not "technical" to require that the plaintiff refrain from bringing suit until § 16(b) grants him the right to do so. It is merely following the statutory policy.

Upon the submission of an appropriate order in accordance with this opinion, the complaint will be dismissed for failure to state a claim upon which relief can be granted.