**ARTHUR G. McKEE & COMPANY,**
**Plaintiff,**

v.

**GULF & WESTERN INDUSTRIES,**
**INC., Defendant.**

**Charles Heit, Applicant for Intervention.**

**Civ. A. No. 3958.**

United States District Court,
D. Delaware.

June 3, 1971.

S. Samuel Arsht and Lewis S. Black, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff.

Richard F. Corroon, of Potter, Anderson & Corroon, Wilmington, Del., for defendant.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, Del., Howard L. Jacobs and Robert M. Kornreich, of Wolf, Popper, Ross, Wolf & Jones, New York City, of counsel, for Charles Heit.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

This case comes before the Court on the motion of Charles Heit ("Heit"), a stockholder of Arthur G. McKee & Company ("McKee"), to intervene pursuant to Rule 24(a) (2) of the Federal Rules of Civil Procedure. The announced purpose of the proposed intervention is to "protect the interests of the stockholders of McKee." Heit's Brief, p. 2.

Shortly after receiving a letter from Heit demanding that an action be brought, plaintiff McKee sued Gulf & Western Industries, Inc. ("G & W"), alleging that G & W had, while the beneficial owner of more than 10% of McKee's common stock, made a profit from the purchase and sale of McKee stock within a period of less than six months duration and was, therefore, liable to McKee for the full amount of such profit. See Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). The suit was originally filed in the Northern District of Ohio and was transferred to this district by order of District Judge Gerald E. Kalbfleisch dated August 4, 1970.

After apparently sporadic negotiations, McKee and G & W reached a settlement agreement in December 1970. On December 16, 1970, plaintiff's counsel delivered to the Court in chambers a "Stipulation and Judgment" for the Court's approval and filing. The Court retained the document in chambers and, after some reflection, took the position in a January 5, 1971, letter to counsel for plaintiff that the stipulation would not be signed due to the circumstances surrounding this case and the related ac-

tion of Heit.[1] Depending on one's view of the proper federal procedure, the "Stipulation and Judgment" was filed on either December 16, 1970, when it was delivered to the Court's chambers or January 13, 1971, when it was filed with the Clerk of the Court.

This motion was filed on December 23, 1970, the day following oral argument in the *Heit* case on defendants G & W and McKee's joint motion to dismiss for failure to state a claim upon which relief could be granted. The motion to dismiss the *Heit* case was granted in a memorandum opinion of this Court dated January 14, 1971.[2]

Heit's basic argument is that he should be allowed to intervene in this action in order to protect McKee's stockholders from possibly being short-changed by an inadequate settlement agreement. The Court must confess initial puzzlement on this score because the settlement agreement (which has been satisfied) required G & W to pay McKee $130,000 in contrast to Heit's motion for summary judgment in the *Heit* case which claimed only $103,524 in liability. This puzzlement, however, is of no consequence since the Court has no basis whatever for saying that the settlement was either fair or unfair.

In fact it is exactly this ignorance on the Court's part—and on the stockholder's part—that Heit urges as the main equitable grounds for allowing intervention at this late date. Since no one who is not privy to the McKee-G & W negotiations can tell if the settlement is fair, Heit argues, he should be granted the right to intervene in order to examine the terms of the settlement and thereby assert the corporation's right to a greater recovery if the facts support the claim.

Heit argues—and it is good black-letter law—that a stockholder is usually granted the right to intervene in a § 16(b) action brought by the corporation where the facts show that the interests of the stockholders may not be adequately represented by the corporation. Park & Tilford, Inc. v. Schulte, 160 F.2d 984, 988–989 (2d Cir. 1947), cert. den. 332 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347 (1947); Molybdenum Corp. of America v. International Mining Corp., 32 F.R.D. 415 (S.D.N.Y.1963); Twentieth Century-Fox Film Corp. v. Jenkins, 7 F.R.D. 197 (S.D.N.Y.1947). Many courts have held that in § 16(b) cases, Rule 24(a)(2) should be liberally construed to permit intervention by stockholders. Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235 (S.D.N.Y.1963); Molybdenum Corp. of America v. International Mining Corp., supra; Twentieth Century Fox Film Corp. v. Jenkins, supra.

Heit intimates that the Court should be suspicious of McKee's wholehearted representation of its stockholders vis-a-vis G & W because McKee's management would naturally be reluctant to drive a hard bargain with G & W, a former stockholder, in recovering profits that resulted from a purchase by McKee of its own stock. Moreover, Heit notes, the purchase agreement signed by McKee avers that G & W made no profit on the transaction which might indicate that the parties anticipated the § 16(b) problem and attempted to cloud the nature of G & W's financial gain. Heit also relies on the fact that in his view the McKee

---

1. See this Court's opinion in Heit v. Gulf & Western Industries, Inc., 321 F.Supp. 921 (D.Del.1971). [Hereafter referred to as "The *Heit* case."]

2. The reason for dismissal was that Heit had not met either of the § 16(b) conditions precedent to the commencement of a stockholders' suit. I. e., he could not show as of the date his suit was filed either that McKee had failed or refused to bring suit within sixty days of his letter or that McKee had failed to prosecute its action diligently. See the *Heit* opinion, supra at 922.

action has never been prosecuted with vigor and diligence.[3]

Of course, the touchstone for consideration of a motion to intervene is the language of Rule 24(a) (2) itself:

> (a) Intervention of Right. *Upon timely application* anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.* (emphasis added)

Thus, the basic inquiry in this case is two-fold: whether the motion to intervene is timely and whether the representation of the stockholders' interest provided by McKee is adequate.

Heit's argument in favor of intervention is grounded on assumptions and interpretations of facts rather than offering the Court any factual basis—however inconclusive—for a conclusion that the application is timely or that McKee might not be adequately representing its stockholders' interest.

On the one hand, he assumes that his application to intervene is timely—because he argues it is prior to judgment[4] —despite the fact that it came nearly two years after he was aware of the filing of this case. Rule 24 requires "timely application," and whether or not

one views the instant motion as coming before or after the entry of judgment it can safely be said that Heit has been far less than diligent in seeking intervention. It is ironic that Heit accuses plaintiff of failing to prosecute diligently an entire lawsuit during the same time period that he was failing to apply for intervention. As the First Circuit has stated:

> The determination of whether a petition is timely involves various competing considerations, not the least of which is whether the applicant was in a position to seek intervention at an earlier stage.

SEC v. Bloomberg, 299 F.2d 315, 320 (1st Cir. 1962); see also, Walpert v. Bart, 44 F.R.D. 359 (D.Md.1968). The fact that Heit commenced and prosecuted his own action during the past two years does not mitigate this procrastination since that action was an unmeritorious one under § 16(b). See the *Heit* opinion, supra, 321 F.Supp. at 922. Still in all, this deficiency might be overcome on equitable grounds if Heit could persuade the Court that some concrete benefit will be derived from intervention.

Nothing presented to this Court, however, has demonstrated McKee's alleged lack of diligence in prosecuting this case. A period of twenty-two months from filing to settlement is not excessive in this day of protracted litigation in view of the amount of activity the docket entries in this case show.

Even more important, Heit's allegations of possible inadequate representa-

---

3. Counsel for McKee, of course, takes a different view of the facts presently of record. McKee takes the position that its action has been diligently prosecuted and is now settled at a substantial benefit to the stockholders of McKee, that Heit's action impeded its efforts to resolve its case and that allowing Heit to intervene here would merely add to McKee's expense and possibly diminish McKee's recovery.

4. The parties argument about whether or not this motion was filed before judgment was entered need not concern the

Court because the Court here decides that even if judgment had not been entered the motion to intervene should be denied. Of course, if judgment has been entered intervention would not be granted except in very unusual circumstances, see, e. g., United States v. Blue Chip Stamp Co., 272 F.Supp. 432 (C.D.Cal. 1967), aff'd Thrifty Shoppers Scrip Co. v. United States, 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781 (1968) ; 3B Moore, Federal Practice ¶ 24.13 [1] (2nd ed. 1969), circumstances which are not present in this case. Cf. Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir. 1953).

tion are unsupported. The Court cannot help but compare the settlement McKee reached with G & W with the amount sought by Heit in his motion for summary judgment in the *Heit* case. The settlement figure might not be the full extent of G & W's liability, but it certainly exceeds Heit's view of that amount. The expense of a trial and other factors must also have been considered by McKee in reaching a settlement. In short, nothing has shown that the representation of the stockholders by McKee is inadequate. See generally 3B Moore, Federal Practice ¶ 24.08 [3].

The expense of litigation is burdensome to all parties, and the Court believes that allowing intervention here—at this late date with no reason to think it will be beneficial to McKee stockholders—promises to increase that expense unduly.

For all of the foregoing reasons, Heit's motion to intervene will be denied.

Submit order in accordance herewith.