**Joseph JULIAN, Respondent,**

v.

**AUTOMOBILE CLUB INTER–INSUR-ANCE EXCHANGE, Appellant,**

and

**Roderick Bland, Defendant.**

**No. 51966.**

Missouri Court of Appeals,
Eastern District,
Division Six.

April 21, 1987.

Carl D. Kraft, St. Louis, for appellant.

James J. Logan, St. Louis, for respondent.

DONALD L. MANFORD, Special Judge.

This is a civil action seeking recovery of alleged damages arising from an automobile collision. The judgment is reversed and the cause remanded.

Respondent, Joseph Julian, is the original plaintiff. Appellant, Automobile Club Inter-Insurance Exchange, is the original defendant and the insurer of respondent. Roderick Bland is the other driver who was uninsured at the time of the collision. This action initiated against appellant solely, but at appellant's insistence, Bland was joined as a party defendant. Bland filed no answer or other responsive pleading to respondent's petition and is in default. Appellant then filed a motion to intervene and to file an answer on behalf of Bland pursuant to rule 52.12(a). The trial court overruled appellant's motion and this appeal followed.

Initially, it might appear that this appeal should be dismissed as not arising from a final and hence nonappealable judgment. *Ratermann v. Ratermann Realty & Investment Co.*, 341 S.W.2d 280, 286 (Mo.

App.1960). However, a motion to intervene has been interpreted in two ways relative as to whether a ruling thereon is final for purposes of appeal. It has been ruled ...

> that there are two classes of intervention: (1) those where intervention is not indispensable to the enforcement of a right claimed by the intervenor, and (2) those where the right to intervene is by statute made absolute, or where the claim can be established, preserved or enforced in no other way than by intervention.

*City of Hannibal v. Winchester*, 360 S.W.2d 371, 375 (Mo.App.1962); *see also State ex rel. Knight Oil Co. v. Vardeman*, 409 S.W.2d 672, 677 (Mo. banc 1966); and *State ex rel. State Farm Mutual Automobile Insurance Co. v. Craig*, 364 S.W.2d 343, 346 (Mo.App.1963).

The parties herein do not dispute that appellant's motion to intervene falls within category (2) above. Thus, the ruling upon appellant's motion to intervene is reviewable by this court under direct appeal from that ruling. Such motions must, however, be timely. *Model Housing & Development Corp. v. Collector of Revenue*, 583 S.W.2d 574, 576 (Mo.App.1979). Timeliness is not in issue in the present proceedings.

Respondent's argument causes this proceeding to be reviewed from a different posture. Respondent does not dispute or argue against appellant's right to intervene, but instead resists appellant's right to file a responsive pleading or answer on behalf of Bland. Without elaboration, respondent merely asserts that to allow appellant to file an answer creates an undue burden and unfairness for respondent. It is difficult for this court to understand what respondent is representing to the court. On the one hand, respondent acknowledges appellant's right to intervene and to dispute, and hence have a trial upon the issues of liability and damages; but then asserts that to allow those issues to be presented by appellant on behalf of Bland causes respondent to be placed in an unfair or disadvantaged position.

There is no question that appellant, under Rule 52.12(a), has the right to intervene in this cause. There is no question that appellant's motion was timely. There is no other way appellant's rights could be adequately represented by existing parties. *State ex rel. St. Joseph, Missouri Association of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 806 (Mo.App. 1979). Bland's default is of no consequence. *Craig, supra; Beard v. Jackson*, 502 S.W.2d 416, 419 (Mo.App.1973). Appellant was entitled to timely file its motion to intervene. *Craig, supra; Alsbach v. Bader*, 616 S.W.2d 147, 153 (Mo.App.1981). Appellant also is not precluded from raising any different defense to the petition of respondent, except appellant is foreclosed from denying coverage. *Alsbach, supra.*

The judgment of the trial court is reversed and the cause is remanded for further proceedings, if any, in conformity with the opinion herein.

DOWD, P.J., and REINHARD, J., concur.