HUNTER, JR., ROBERT N., Judge, concurring.
I join the opinion of the majority because I concur the trial court's decisions were correct *92 under our current statues as discussed in detail in the majority opinion.
I write separately to discuss the "exclusive standing" issue. The majority opinion, in its analysis, relies very heavily upon analogies to shareholders and corporate governance of stock companies. In my opinion this metaphor is imperfect. In the corporate world, shareholders invest money and purchase share certificates which may be a voting share and if so, it gives them the right to elect directors to guide their investments. The risk of loss of the initial investment is the limitation of monetary liability. In a homeowner's association, a purchaser buys a home and has a right to participate in the management of the association which has the ability to assess each homeowner with common expenses to cover common areas, maintenance, and litigation costs. The risk of loss is an ongoing concern to the homeowner.
Here, unlike the corporate structure, homeowners within the residential subdivision SeaScape at Holden Plantation do not enjoy the right to replace the management. Indeed they are estopped by agreement (the Master Agreement) and our prior precedent from complaining about this issue because they have agreed to these conditions upon purchase. I would hold they have "standing" but cannot meet the preconditions of demand or exhaustion of pre-corporate remedies to bring their derivative actions. I realize that our precedents discuss this issue as a standing issue, however I would not hold that the homeowner's association has "exclusive standing" even if such demand is made. Such a holding may prevent the ability of all parties with interests in a legal dispute to join in and have all claims determined efficiently. In my view, these homeowners have standing as intervenors under N.C. Gen.Stat. § 1A-1, Rule 24, which provides for intervention of right and permissive intervention, *212 should the trial court in its discretion decide that such intervention would be meritorious. N.C. Gen.Stat. § 1A-1, Rule 24 (2013). Relevant to this action, N.C. Gen.Stat. § 1A-1, Rule 24 provides:
(a) Intervention of right.-Upon timely application anyone shall be permitted to intervene in an action:
....
(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[6]
(b) Permissive intervention.-Upon timely application anyone may be permitted to intervene in an action.
....
(2) When an applicant's claim or defense and the main action have a question of law or fact in common.
Allowing intervention under N.C. Gen.Stat. § 1A-1, Rule 24[7] and subsequent judicial determination at a fairness hearing on any settlement would, in my opinion, make unnecessary the New Jersey solution to this kind of litigation. In this matter however, I realize my concurrence is merely advisory and not directory.

This Court has held that "a party is entitled to intervene pursuant to N.C. Gen.Stat. § 1A-1, Rule 24(a)(2) in the event that he or she can demonstrate (1) an interest relating to the property or transaction, (2) practical impairment of the protection of that interest, and (3) inadequate representation of the interest by existing parties." Bailey & Assoc., Inc. v. Wilmington Bd. of Adjustment, 202 N.C.App. 177, 185, 689 S.E.2d 576, 583 (2010).

A few federal cases have supported the notion that where the shareholder's interest may not be adequately represented, the shareholders can intervene under a "watchdog principle." See Shareholder Intervention in Corporate Litigation., 63 Harv. L. Rev. 1426, 1431 (1950) ; see also Park & Tilford, Inc. v. Schulte, 160 F.2d 984, 988-89 (2d Cir.1947) ; Twentieth Century-Fox Film Corp. v. Jenkins, 7 F.R.D. 197 (S.D.N.Y.1947).